125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James ROBINSON, Defendant-Appellant.
 No. 96-10261.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 6, 1997*
Filed Oct. 9, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-95-00058-PRO; Philip M. Pro, District Judge, Presiding.
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Robinson appeals from his conviction on one count of attempting to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846, 841 and one count of knowingly using a communication facility in connection with attempting to possess cocaine, in violation of 21 U.S.C. § 843(b). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Robinson first challenges the sufficiency of the evidence supporting his convictions. We review a challenge of sufficiency of the evidence de novo. United States v. Bahena-Cardenas, 70 F.3d 1071, 1072 (9th Cir.1994). The test is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 1072-73, quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 3
 To convict a defendant of an attempted crime, the government must prove "culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent." United States v. DeRosa, 670 F.2d 889, 894 (9th Cir.1982), citing United States v. Snell, 627 F.2d 186, 187 (9th Cir.1980).
 
 
 4
 Robinson unpersuasively argues that there was insufficient evidence from which a jury could conclude that he acted with criminal intent with regard to the sections 846, 841 charge. His actions were strongly corroborative of criminal intent. The undercover agent who dealt with Robinson testified that:
 
 
 5
 He [Robinson] asked me if I had the stuff. And I told him, yeah. I had an ounce of powder cocaine which I had already set beneath the front seat of my car. I pulled it out. He took custody of it, and he began to inspect it. He opened up the bag, kind of sniffed it, stuck his tongue in it to taste it, and he said to me it was lacking kind of a little bite to it. Well, I assured him that it was good stuff and whatnot, so he--so he said at that time that--he says, okay, let me go get the money and be right back.
 
 
 6
 This case is analogous to DeRosa. In DeRosa, we held that "since [the defendants] insisted on viewing the money before the sale, the jury could have reasonably concluded that the defendants had proceeded beyond the point of preparation and that they had taken significant steps toward making the illegal cocaine transaction before aborting upon discovery of police surveillance." 670 F.2d at 894. This case presents an identical situation, except that instead of inspecting the money, Robinson inspected the cocaine. The jury in this case could reasonably have concluded that, by sniffing and tasting the powder cocaine, Robinson had moved beyond mere preparations.
 
 
 7
 Robinson relies entirely on United States v. Joyce, 693 F.2d 838 (8th Cir.1982). To the extent there is a conflict with DeRosa, we follow DeRosa. To the extent that Joyce is not in conflict with DeRosa, it is based on the fact that the defendant in that case "did not open the package but immediately returned the package." Id. at 842. In this case, however, Robinson did open the package, sampled the substance, and stated that he would return with his money. This situation was not, therefore, "a preliminary discussion regarding the purchase of cocaine which broke down," id., but rather a completed negotiation.
 
 
 8
 Clearly, a rational trier of fact could have concluded from the evidence presented that Robinson had taken a substantial step toward possessing the cocaine with intent to distribute.
 
 
 9
 Robinson makes no independent argument with regard to his conviction under section 843(b), contending instead that the proof of the illegal use of a communication facility was tied inextricably to the evidence relating to the sections 846, 841 charge. Because the evidence was sufficient for that count, we affirm his conviction for illegal use of a communication facility as well.
 
 
 10
 Next, Robinson contends that the district court erred in admitting prejudicial evidence of other acts. We review the district court's evidentiary rulings for an abuse of discretion. United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.1996).
 
 
 11
 The district court admitted into evidence Robinson's statements that "You guys are [f---ing] with me even on the days I'm not selling dope" and that he would turn in his suppliers if the police would stop harassing him, on the theory that they were relevant to show Robinson's intent to sell the cocaine he was negotiating to purchase from the agent. Robinson contends that the admission of this evidence was an abuse of discretion, because extrinsic acts used to show intent "must be similar to the offense charged." United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir.1993). He argues that these statements, which were made three weeks before the attempted drug deal, were unrelated to the subsequent investigations that led to the sections 843(b) and 846, 841 charges.
 
 
 12
 However, Robinson mischaracterizes the evidence at issue by focusing on the context of the statement. The issue is whether the content of those statements, and not the circumstances under which they were made, is similar to the charged offenses.
 
 
 13
 An essential element of a section 841(a)(2) charge is possession of a controlled substance "with intent to distribute or dispense." In Jackson, the court affirmed the admission of evidence of prior drug sales, holding that such evidence "tended to prove the material elements of knowledge and intent." 84 F.3d at 1159. Because Robinson's statement was that he had engaged in narcotics trafficking, the extrinsic acts are similar to the charged offenses.
 
 
 14
 Notwithstanding this similarity, Robinson contends that the statements should have been excluded pursuant to Federal Rule of Evidence 403, under which "a court has discretion to exclude relevant evidence that is unfairly prejudicial, that is, if it has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged." United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir.1991). The statements in this case corroborated the agent's testimony that the amount of cocaine Robinson sought to purchase was consistent with narcotics trafficking, and not personal use. Given this relevance, and the district court's limiting instruction, the district court did not abuse its discretion in overruling Robinson's Rule 403 objection.
 
 
 15
 AFFIRMED.
 
 
 16
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4